```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ROGERS J. NORTON, SR.                              CIVIL ACTION

v.                                                 NO. 17-8877

U.S. DEPARTMENT OF                                 SECTION "F"
VETERAN AFFAIRS

                         ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  The plaintiff has not submitted a memoranda in opposition to the U.S. Department of Veterans Affairs' motion to dismiss for lack of subject matter jurisdiction, noticed for submission on January 10, 2018.

Accordingly, because the motion is unopposed, and further, it appears to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] Rogers Norton initially filed a claim with Veteran Affairs for benefits in July 1978. The claim was denied in October 1978. The claim was subsequently reopened, denied, appealed, and remanded several times between 1993 and 2017. Norton's benefit claim was granted in part in 1998 and increased in 2013. On September 11, 2017, he sued the United Stated Department of Veterans Affairs *pro se*, and filed an amended complaint on October 24, 2017. Although the Court strains to ascertain Norton's specific claims, it is clear that Norton is seeking review of his VA decision. Specifically, he questions the accuracy of the medical opinions offered sometime during his appeal process. He also attaches reports that reference the seriousness of his condition, suggesting that he disagrees with the outcome of his appeals. Norton makes references to unfair labor practices, the Fourteenth Amendment, and in his exhibits, to the Federal Tort Claims Act. In

                                  1

that the defendant's motion to dismiss is hereby GRANTED as unopposed. The plaintiff's claims are hereby dismissed.

---

the Civil Cover Sheet attached to his initial complaint, he categorized the nature of his suit as a "review or appeal of [an] agency decision," a personal injury claim, and a civil rights claim involving the American Disabilities Act. However, he does not articulate a claim based on these laws in his complaint. Accordingly, his sole claim is a vague appeal to the VA's decision to partly deny him benefits.

The Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the Court's subject matter jurisdiction. The party asserting jurisdiction has the burden of proof to establish subject matter jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

The Court does not have subject matter jurisdiction to reverse administrative decisions by the VA. 38 U.S.C. § 7292. After a claimant receives the VA's decision on his claim, he can appeal to the Board of Veterans' Appeals, and from there to the Court of Appeals for Veterans Claims. 38 U.S.C. §§ 7104, 7252. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review appeals from the Court of Appeals for Veterans Claims. 38 U.S.C. 7292; see Toole v. Obama, 609 Fed. Appx. 245, 246 (5th Cir. 2015) ("[T]his Court of Appeals lacks jurisdiction to review the decisions of the Board of Veterans Appeals."); Zuspann v. Brown, 60 F.3d 1156, 1159 (5th Cir. 1995) ("Congress has set up an exclusive review procedure for decisions involving veterans' benefits determinations, and the district court in this case correctly concluded that it lacked subject matter jurisdiction to hear [the plaintiff's] challenges to the VA's decision to deny him benefits."). Any subsequent appeals are heard by the United States Supreme Court. Id. Accordingly, this Court does not have subject matter jurisdiction to Norton's challenge of the VA's decision.

New Orleans, Louisiana, January 8, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE